## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

DENNIS DERX                                                                                    PLAINTIFF
ADC #162003

v.                                          2:18cv00016-KGB-JJV

T. WASHINGTON,
Mental Health Counselor; *et al.*                                                        DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Dennis Derx ("Plaintiff") is a transgender inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").[1]  She has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Dr. Albert Kittrell violated her constitutional rights by denying her adequate medical care for gender dysphoria.[2] (Doc. No. 4.)

Dr. Kittrell has filed a Motion for Summary Judgment arguing Plaintiff's claim must be dismissed without prejudice because she failed to properly exhaust her administrative remedies. (Doc. Nos. 20, 21, 22.)  Plaintiff has filed a Response.  (Doc. No. 24.)  Thus, this matter is ripe for review.  After careful consideration and for the following reasons, I conclude the Motion for Summary Judgment should be granted, and Plaintiff's claim against Defendant Kittrell should be dismissed without prejudice.  Because that is the only viable claim raised in the Amended

---

[1] Plaintiff prefers the use of feminine pronouns.  (Doc. No. 23.)

[2] On February 22, 2018, I issued a Recommendation suggesting Plaintiff's claims against all other Defendants be dismissed without prejudice for failing to state a claim upon which relief may be granted.  (Doc. No. 6.)

Complaint, I also recommend this case be closed.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*,

549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *Id.*

The grievance policy of the ADC in effect at the time of the alleged constitutional violation was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. Nos. 22-1, 22-3.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 22-1 at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the incident. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance within three working days of receiving a response to the informal resolution. (*Id.* at 8.) The Health Services Administrator must provide a written response within twenty working days of receiving the formal grievance. (*Id.* at 9-10.)

An inmate who is dissatisfied with the response, or who does not receive a response within the allotted time, may appeal within five working days to the Deputy Director for Health and

Correctional Programs. (*Id*. at 10-12.) The Deputy Director for Health and Correctional Programs must provide a written response within thirty working days. (*Id*. at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Importantly, Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Plaintiff filed two grievances, EAM 16-2649 and EAM 16-2599, seeking medical care for gender dysphoria.[3] (Doc. No. 22-2.) Prison officials rejected EAM 16-2649 on procedural grounds, without ruling on the merits, because it was the fifth grievance Plaintiff filed in seven days.[4] (*Id*. at 10-13.) Grievance EAM 16-2599 was denied as having no merit. (*Id*. at 6-8.) It is undisputed Plaintiff did not appeal the rejection of EAM 16-2649 or the denial of EAM 16-2599, as she was clearly required to do by the ADC's grievance procedure. Proper administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits." *Woodford*, 548 U.S. at 90. Plaintiff did not do so as to EAM 16-2649 and EAM 16-2599. Thus, they are not properly exhausted as to the inadequate

---

[3] In her sworn Declaration, the ADC Medical Grievance Coordinator states Plaintiff has filed five other medical grievances (EAM 16-2042, 16-2363, 17-671, 17-689, 17-1464) since she began her incarceration at the ADC. (Doc. No. 22-3.) However, these grievances deal with unrelated medical issues, such as gastrointestinal problems, copayments for medical care, and a mental health evaluation conducted while Plaintiff was on suicide watch. (Doc. No. 22-2.) Because they do not deal with the medical care Plaintiff seeks for gender dysphoria, these five grievances are irrelevant to the determination of whether Plaintiff properly exhausted her administrative remedies as to claim she is raising in this lawsuit.

[4] According to Administrative Directive 14-16 § IV(J)(1)(b), an ADC prisoner is limited to filing three formal grievances in a seven-day period. (Doc. No. 22-1 at 14.)

medical care claim she is attempting to bring against Dr. Kittrell in this lawsuit. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage"); *King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure).

In her Response to the Motion for Summary Judgment, Plaintiff argues she properly exhausted her inadequate medical care claim against Dr. Kittrell in an unnumbered, informal resolution she allegedly filed on November 10, 2017. (Doc. No. 24 at 3.) In that informal resolution, Plaintiff claimed, as she does in this lawsuit, Dr. Kittrell refused to refer her to the Gender Dysphoria Management and Treatment ("GDMT") Committee for a determination of the appropriate course of care. (*Id.*) Later that day, an unspecified prison official allegedly responded to the informal resolution as follows: "Dr. Kittral sead [sic] you will be seen."[5] (*Id.*) As previously discussed, Plaintiff was required to file a formal grievance within three days of receiving that response to her informal resolution. (Doc. No. 22-1 at 8.) Plaintiff did not do so because she thought she was going to be seen by the GDMT committee. (Doc. No. 24.) However, after the promised meeting with the GDMT did not occur, Plaintiff should have and was required to file a new informal resolution alerting prison officials to that situation. Because she failed to do so, Plaintiff deprived prison officials of the opportunity to investigate and address the issue she is attempting to raise for the first time in this federal lawsuit. *See Jones,* 549 U.S. at 219 (explaining

---

[5] The response is not signed or dated by a prison official, repeats the spelling errors made in the informal resolution, and appears to be written in Plaintiff's handwriting. (Doc. No. 24 at 3.) This raises serious questions as to whether Plaintiff actually submitted the informal resolution to prison officials. Nevertheless, for the purpose of resolving the pending Motion, I will presume Plaintiff did, in fact, submit the informal resolution and receive a poorly drafted response from an unspecified prison official.

6

that one of the purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit").

The Supreme Court of the United States has emphasized complete and proper exhaustion is "mandatory," and that courts cannot consider the merits of a prisoner's claims until that hurdle has been cleared. *Jones,* 549 U.S. at 211. The only exception to the exhaustion requirement is if administrative remedies were "unavailable," such as when the prison grievance procedure is "so opaque that it becomes . . . incapable of use," or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake,* 136 S. Ct. 1850, 1859-60 (2016) (discussing 42 U.S.C. § 1997e(a)). Plaintiff has not presented any facts that would fall under that narrow exception. Thus, her inadequate medical care claim against Dr. Kittrell must be dismissed.

If Plaintiff wishes to pursue a federal claim against Dr. Kittrell, or any other prison official who is allegedly denying her adequate medical care for gender dysphoria, she must properly and fully exhaust that claim through *all three steps* of the ADC's grievance procedure. After she has done so, Plaintiff may then file her claim in federal court.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Kittrell's Motion for Summary Judgment (Doc. No. 20) be GRANTED.

2. Plaintiff's inadequate medical care claim against Defendant Kittrell be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, and this case be closed.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this recommendation would not be taken in good

faith.

DATED this 1st day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE